UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN A. CHAVEZ, | ) | Case No. CV 07-6968-FMC (OP) |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER RE: |
| v. | ) | SUMMARY DISMISSAL OF |
| | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS BY A PERSON IN STATE |
| ROBERT HOREL, WARDEN, | ) | CUSTODY (28 U.S.C. § 2254) AS |
| | ) | UNTIMELY |
| Respondent. | ) | |
| | ) | |

## I.

### INTRODUCTION

On October 10, 2007, Stephen A. Chavez ("Petitioner"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  The Court examined the Petition and

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the

1  determined that it plainly appeared from the face of the Petition that it was

2  untimely.  On August 6, 2008, the Court issued an Order to Show Cause ("OSC")

3  why the Petition should not be dismissed as untimely.  To date, Petitioner has not

4  filed a response to the OSC.

5      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

6  United States District Courts, the Court has examined the current Petition and

7  finds that it plainly appears from its face that Petitioner is not entitled to relief in

8  the district court.  Specifically, the Court finds that the Petition is subject to

9  summary dismissal because the information provided indicates that the Petition is

10  untimely.

11  **II.**

12  **PROCEDURAL HISTORY**

13      On March 8, 1989, Petitioner was convicted after a jury trial in the Los

14  Angeles County Superior Court, case no. A475819, of second degree murder with

15  the use of a knife in violation California Penal Code sections 187(a) and

16  12022(b).  (Pet. at 2.)  The jury also found true the allegation that he has sustained

17  a prior serious felony conviction within the meaning of California Penal code

18  sections 1192.7(c)(23) and 667(a).  (Id.)  On April 10, 1989, Petitioner was

19  sentenced to a total state prison term of twenty-one years to life.  (Id.)

20      Petitioner appealed the judgment of conviction, and on May 27, 1990, the

21  California Court of Appeal affirmed the judgment.  (Id. at 3.)  Petitioner then filed

22  a petition for review in the California Supreme Court which was denied on July

23  30, 1990.  (Id.)

24      On October 31, 2005, Petitioner filed a habeas corpus petition in the Los

25  Angeles County Superior Court which was denied on November 1, 2005.  (Id. at

26  4.)  On April 13, 2006, Petitioner filed a habeas corpus petition in the California

27  _____

28  Petition over to the prison authorities for mailing.

1   Court of Appeal which was denied on May 2, 2006.  (Id. at 4.)  On August 30,

2   2006, Petitioner filed a habeas corpus petition in the California Supreme Court

3   which was denied on March 28, 2007, with citation to In re Robbins, 18 Cal. 4th

4   770, 780 (1998).  (Id. at 4, 5; Official Records of California Courts.[2])  On October

5   10, 2007, Petitioner constructively filed the current Petition.

6       For the reasons discussed below, the Court dismisses the current Petition

7   with prejudice as untimely.

8                                **III.**

9                            **DISCUSSION**

10  **A.    Standard of Review.**

11      This Court may entertain a habeas application on behalf of a person who is

12  in custody pursuant to a state court judgment and in violation of the Constitution,

13  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need

14  neither grant the writ nor order a return if it appears from the application that the

15  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears

16  from the face of the petition and any exhibits annexed to it that the petitioner is

17  not entitled to relief in the district court, the judge must dismiss the petition and

18  direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section

19  2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also

20  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is

21  appropriate where the allegations in the petition are vague or conclusory, palpably

22  incredible, or patently frivolous or false).  Further, the Court has the authority to

23  _____

24      [2] The Court's independent review of the California State Courts' website
    reveals that September 19, 2006, Petitioner filed a habeas corpus petition in the

25  California Supreme Court which was denied on March 28, 2007.  The Court takes
    judicial notice of the state appellate court records for Petitioner's cases, which are

26  available on the Internet at http://appellatecases. courtinfo.ca.gov.  See Smith, 297

27  F.3d at 815 (federal courts may take judicial notice of relevant state court records

28  in federal habeas proceedings).

raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).  However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond.  Id.

**B.     The Petition Was Not Filed Within the Limitation Period.**

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, where the conviction became final before the enactment of AEDPA on April 24, 1996, the day after AEDPA's enactment becomes the date upon which the one-year limitation period commences to run.  See Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002) (holding that AEDPA's statute of limitations period for state prisoners whose convictions became final prior to AEDPA's enactment is from and including April 25, 1996, to April 24, 1997); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (same).

As discussed above, Petitioner was convicted on March 8, 1989, and sentenced on April 10, 1989.  (Pet. at 2.)  The California Court of Appeal affirmed the judgment on May 27, 1990.  (Id. at 4.)  The California Supreme Court denied the petition for review on July 30, 1990.  (Id.)  Petitioner did not seek review with the United States Supreme Court, therefore, for purposes of the AEDPA's limitation period, his judgment of conviction became final ninety days

---

[3] Beeler was overruled on other grounds in Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

later, on October 29, 1990.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court).  However, since Petitioner's conviction became final before the AEDPA's enactment, the limitation period ended on April 24, 1997.  28 U.S.C. § 2244(d)(1)(A); see also Malcolm, 281 F.3d at 955.  Petitioner did not constructively file the current Petition until October 10, 2007, over ten years after the statute of limitations had run.  Thus, unless Petitioner is entitled to statutory or equitable tolling or an alternate start date to the AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the current Petition is untimely.

**C.      Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief.  Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002).  The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system.  Id.  In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling.  Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-

5

23).[4]

      As set forth above, because Petitioner's conviction became final before the AEDPA's enactment, the limitation period ended on April 24, 1997.  His first state habeas petition was filed in the Los Angeles County Superior Court on October 31, 2005, and denied on November 1, 2005.  Statutory tolling is unavailable where, as here, Petitioner's first state habeas petition was not filed until eight and one half years after the limitation period expired.  (Pet. at 4; Official Records of California Courts.)  Section 2244(d) does not permit the reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).  For the same reason, Petitioner is not entitled to statutory tolling for the habeas petition he filed in the California Court of Appeal on April 13, 2006, or for the habeas petition he filed in the California Supreme Court on August 30, 2006.

      Additionally, the state supreme court denied the last habeas petition with citation to with citation to In re Robbins, 18 Cal. 4th 770, 780 (1998).  (Pet. at 4,

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely.  Evans, 546 U.S. at 197-98.  Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness.  Id. at 198.  That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"  Id.

5; Official Records of California Courts.)  The pinpoint citation in <u>Robbins</u> deals entirely with the issue of timeliness with respect to a habeas corpus petition.  As a result, the state supreme court denied the petition on timeliness grounds.  Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling.  <u>Evans</u>, 546 U.S. at 192-93 (citing <u>Carey</u>, 536 U.S. at 222-23).

Since Petitioner filed his state habeas petitions well after the AEDPA limitation expired, he may not avail himself of statutory tolling to render the current Petition timely.  Thus, absent equitable tolling or an alternate start date for the statute of limitations, the current Petition is untimely.

**D.   <u>Equitable Tolling.</u>**

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates:  "(1)  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  <u>Pace</u>, 544 U.S. at 418.[5]  A petitioner bears the burden of alleging facts that would give rise to tolling.  <u>Id.</u> "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule."  <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  <u>Guillory v. Roe</u>, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).  Equitable tolling determinations are "highly fact-dependent."  <u>Whalem/Hunt v. Early</u>, 233 F.3d

---

[5]  The Supreme Court in <u>Pace</u> noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations."  <u>Pace</u>, 544 U.S. at 418 n.8.  The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because the respondent assumed as much, and the petitioner was not entitled to tolling under any standard.  <u>Id.</u>

1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304
F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations
"turn[ ] on an examination of detailed facts").

Petitioner details his attempts to secure transcripts from his appellate
counsel during the thirteen year period between July 30, 1990, when the
California Supreme Court denied his petition for review, and July 3, 2003, when
he actually received his case file.  (Pet. Attachment at 3-5.)  The Court assumes
that Petitioner is highlighting these facts in support of a claim for equitable
tolling.  However, Petitioner fails to provide any justification for the following
additional delays:

1)   July 3, 2003, the date he received his case file, and October 31, 2005,
     the date he filed his first habeas corpus petition in the Los Angeles
     County Superior Court (851 days):

2)   November 1, 2005, the date his superior court habeas petition was
     denied, and April 13, 2006, the date he filed his next habeas corpus
     petition in the California Court of Appeal (163 days); and

3)   March 28, 2007, the date his final state habeas corpus petition filed
     in the California Supreme Court was denied, and October 10, 2007,
     the date he constructively filed the current Petition (196 days).

Even assuming the Court found equitable tolling was justified during the
thirteen year period he waited to receive his case file from appellate counsel,
Petitioner has provided no justification for the additional delays noted which
amount to 1210 days.  Thus, even giving Petitioner the benefit of the doubt, the
current Petition is untimely.

**E.   Alternate Start of the Statute of Limitations.**

**1.   State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall
run from "the date on which the impediment of filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation.  <u>Lott</u>, 304 F.3d at 925.  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2.    <u>Newly Recognized Constitutional Right</u>.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(C).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3.    <u>Discovery of Factual Predicate</u>.

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.**

**<u>ORDER</u>**

1        IT IS THEREFORE ORDERED that the current Petition is hereby

2 dismissed with prejudice as untimely.

3        The Deputy Clerk of the Court is directed to send Petitioner a copy of this

4 Order.

5

6 DATED: November 6, 2008

7                        HON. FLORENCE-MARIE COOPER

8                        United States District Judge

9

10 Presented by:

11

12 HON. OSWALD PARADA
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28